

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1201-20

**ABIGAIL VILLEGAS, Appellant**

**V.**

**THE STATE OF TEXAS**

**ON APPELLANT'S AND STATE'S PETITIONS FOR
DISCRETIONARY REVIEW
FROM THE SIXTH COURT OF APPEALS
SMITH COUNTY**

*Per curiam.* **YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined**.

## O P I N I O N

Appellant was convicted of aggravated assault and sentenced to twenty years in prison

for each conviction. In the bill of costs, the trial court assessed Appellant a $25 time

payment fee and conditionally assessed an additional $15 time payment fee if any part of a

fine, courts costs, or restitution is paid on or after the 31st day after the date the judgment assessing the fine, court costs, or restitution is entered. See TEX. LOCAL GOV'T CODE § 133.103. On appeal, the Court of Appeals struck a portion of that fee as being unconstitutional. *Villegas v. State*, No. 06-20-00063-CR, 2020 Tex. App. LEXIS 8809 (Tex. App. – Texarkana Nov. 13, 2020) (not designated for publication).

The State has filed a petition for discretionary review challenging the court's constitutional analysis. We recently handed down our opinion in *Dulin v. State*, Nos. PD-0856-19 & PD-0857-19, 2021 Tex. Crim. App. LEXIS 273 (Tex. Crim. App. Mar. 31, 2021), in which we held that the time payment fee was assessed prematurely because the pendency of appeal suspends the obligation to pay court costs. As a result, there was no need to reach the State's constitutional arguments.

We grant review on our own motion of the following ground:

Should the "Time Payment Fee" be struck as prematurely assessed?

Addressing that ground in light of *Dulin*, we vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for proceedings consistent with this opinion. The State's petition is refused. Appellant's petition is also refused.

DELIVERED May 12, 2021

DO NOT PUBLISH